### THOMAS FOWLER *versus* JONATHAN WATKINS.

In an action of false imprisonment, where the defendant justifies under a warrant from the selectmen of a town, for the collection of taxes, it is not necessary to allege in the plea how the service of the warrant was completed.

And in such case, under the general replication of *de injuria sua propria absque tali causa*, the plaintiff cannot give in evidence a previous arrest and discharge under the same warrant. Such matter ought to have been replied specially.

THIS was an action of *trespass*. The declaration contained two counts. 1. For assaulting and imprisoning the plaintiff four hours, on the 16th August, 1817. 2. For an assault, and imprisoning the plaintiff two hours, and until he paid two dollars, on the 20th August, 1817.

The defendant pleaded, 1. Not guilty, to the whole declaration.

2. He justified the imprisonment mentioned in the first count, under a warrant from the selectmen of *Kearsarge Gore*, directed to him as constable of that town, and authorizing and requiring him to collect certain taxes duly assessed upon the plaintiff ; and he alleged that " by virtue of said " warrant, at said K., on the day when, &c., having given " fourteen days notice to the said *Fowler* of the sum at " which he was assessed, and the said *Fowler* having neglected

Fowler
*vs.*
Watkins.

"and refused to make payment, and for want of goods "and chattels of said F. whereon to make distress, he "gently laid his hand on said *Fowler*, in order to arrest and "take, and did then and there arrest and take him, the said "*Fowler*, under and by virtue of such warrant, and imprison "him, and keep and detain him, so there imprisoned and in "custody, under and by virtue of such warrant and arrest, "for said time, mentioned in said first count, as he lawfully "might do for the cause aforesaid, which is the same assault- "ing," &c.

3. He justified the imprisonment mentioned in the second count, under the same warrant, "but alleged that he detained *Fowler* in custody" during the time mentioned "in said "second count, and until the said F. paid said sum of two "dollars, for the lawful and reasonable costs for the service "of said warrant, as aforesaid, and until he satisfied the sum "assessed on him as aforesaid."

To the second, and to the third plea, the plaintiff replied generally *de injuria sua propria absque tali causa*—upon which issue was joined.

The cause was tried here at April term, 1818. The defendant offered evidence of all the material facts alleged in his pleas in bar; but it appeared that he in fact arrested the plaintiff on the 16th August, 1817, and also on the 20th August, on one and the same warrant.

The plaintiff contended that the second arrest, on the 20th August, was altogether illegal, and that he was entitled to a verdict on all the issues which related to the second count. But the court being of opinion that the plaintiff was not entitled to take this exception, as the pleadings stood, but should have replied the fact of the previous arrest, in answer to the plea in bar to the second count, overruled the objection, and the jury returned a verdict for the defendant on all the issues.

The plaintiff moved the court to set aside the verdict, and award a repleader, on the ground that the plea in bar to the first count was altogether insufficient, because it did not shew how the service of the warrant was completed.

Fowler
*vs.*
Watkins.

He also moved the court to set aside the verdict, and grant a new trial, on the ground that the jury ought to have been directed to find for the plaintiff on the issues relating to the second count, it appearing from the evidence that the second arrest was illegal.

*J. Harris* for the plaintiff.

*R. Fletcher* for the defendant.

The opinion of the court was delivered by

RICHARDSON, C. J.　The plaintiff's motion to set aside the verdict, and award a repleader, cannot prevail. The plea in bar to the first count is sufficient. The plaintiff complains in that count that he was imprisoned four hours. The defendant alleges that he detained him in custody during that time, under a legal warrant. This is a sufficient answer. The warrant was in the nature of an execution : at all events, it was not returnable process—of course the defendant could not allege a return of it. See the precedents 2 *Chitty's Pl.* 537, *&c.*

Nor can the plaintiff's motion for a new trial prevail. The replication to the plea in bar of the second count put in issue all the material facts alleged in that plea, and no other, and upon proving those facts the defendant was entitled to a verdict upon the issue. If other facts existed, which would have shewn the arrest to have been illegal, they should have been specially replied to the plea, but were certainly not admissible in evidence upon that issue. This point was decided in the case of *Sayer* vs. *The Earl of Rockford,* 1 *Black. Rep.* 1165. To an action of trespass the earl pleaded in justification a warrant against *Sayer,* and a commitment for treasonable practices. *Sayer* replied *de injuria sua propria absque tali causa,* and under this issue attempted to give in evidence a tender and refusal of bail ; but this evidence was rejected, on the ground that it ought to have been specially replied.—*King and wife* vs. *Phippard, Carthew,* 280.—1 *Chitty's Pl.* 563, 599.

*Judgment for the defendant.*